# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS INC., | Case No. 13-cv-2924-W (JMA) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 11]** |
| v. | |
| MARC BRAGG, *et al.*, | |
| Defendants. | |

    On December 6, 2013, Plaintiff J & J Sports Productions, Inc. commenced this action against Defendants Marc Bragg, Cynthia Motsch, Sally and Henry's Doghouse and Grill, and Sally and Henry's Doghouse, LLC, for alleged violations of 47 U.S.C. §§ 553 and 605, and California Business and Professions Code § 17200 *et. seq.* in addition to a cause of action for conversion. Defendants now move to dismiss Plaintiff's complaint. Plaintiff opposes.

    The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** Defendants' motion to dismiss.

## I. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

## II. DISCUSSION

Plaintiff alleges that it "was granted the exclusive nationwide commercial distribution (closed-circuit) rights" to a television program. (Compl. ¶ 21.) It also adds that Defendants "did unlawfully intercept, receive, publish divulge, display, and/or exhibit" that program at their business establishment without authorization on December 8, 2012. (Id. ¶¶ 21, 24.) The only attempt to elaborate on any purported wrongdoing by Defendants is in Plaintiff's following allegation:

> With full knowledge that the [p]rogram was not to be intercepted, received, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants . . . , did unlawfully intercept, receive, publish, divulge display, and/or exhibit the [p]rogram at the time of its transmission at their commercial establishment in San Diego, California[.]

(Id. ¶ 24 (emphasis omitted).) Plaintiff's second, third, and fourth claims incorporate these allegations. (Compl. ¶¶ 30–48.)

As Defendants note in their motion, Plaintiff fails to provide more than the most formulaic recitation of the elements of the violations alleged. (See Defs.' Mot. 19:1–20:5; see also Compl. ¶¶ 24, 30, 36–37, 42–43.) Plaintiff's averments that Defendants "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the [p]rogram" fail to provide Defendants notice of either the factual basis for the allegations against them or the grounds for Plaintiff's alleged entitlement to relief. (See Compl. ¶ 24.) As the complaint is currently constructed, Plaintiff's complaint at best merely states that there was some general misconduct related to a closed-circuit telecast.

Accordingly, Plaintiff fails to state a claim against Defendants. See Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

//
//

## III. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendants' motion to dismiss, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint in its entirety.[1] However, the Plaintiff is given leave to amend its complaint.[2] If it chooses to amend its complaint, Plaintiff shall file its amended complaint no later than **April 8, 2014**.

**IT IS SO ORDERED.**

DATE: March 24, 2014

_____
HON. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[1] Because Plaintiff's complaint fails to meet the applicable pleading standard under Rule 12(b)(6), the Court does not reach Defendants' arguments regarding standing or failure to join indispensable parties.

[2] The Court admonishes Plaintiff that it is only entitled to statutory damages of $100,000 for violation of 47 U.S.C. § 605, if it alleges that this action involves a violation of 47 U.S.C. § 605(e)(4). See 47 U.S.C. § 605(e)(3)(C)(ii)(II) (otherwise providing statutory damages "of not less than $1,000 or more than $10,000, as the court considers just").