UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SALLY AND HENRY'S DOGHOUSE BAR & GRILL LLC, <br><br> Defendant. | Case No. 13-cv-2924-BAS-KSC <br><br> **ORDER GRANTING PLAINTIFF AND COUNTER-DEFENDANT'S MOTION TO DISMISS** <br> **[ECF No. 109]** |
| SALLY AND HENRY'S DOGHOUSE BAR & GRILL LLC, <br><br> Counterclaimant, <br><br> v. <br><br> J&J SPORTS PRODUCTIONS, INC., <br><br> Counter-Defendant. | |

I.   **BACKGROUND**

J&J Sports Productions, Inc. ("J&J Sports") brings this case against Sally and Henry's Doghouse, LLC, d/b/a Sally and Henry's Doghouse Bar and Grill ("Doghouse"), claiming Doghouse displayed the "Manny Pacquiao v. Juan Manuel

Marquez IV" welterweight fight program ("the fight") without authorization at its Bar and Grill on December 8, 2012. J&J Sports brings four causes of action against Doghouse for: (1) a violation of 47 U.S.C. §605 (unauthorized publication or use of communications), (2) a violation of 47 U.S.C. §553 (unauthorized reception of cable services), (3) conversion, and (4) a violation of California Business & Professions Code §17200 *et seq*.

Doghouse answered denying most of the allegations in the Complaint and, in addition, filed several affirmative defenses. In the second affirmative defense, Doghouse alleges that broadcasting the fight was authorized by Directv, "an authorized channel of transmission and reception under Section 605." (ECF No. 108 at 11-12.) In the seventh affirmative defense, Doghouse alleges that "Section 605 is unconstitutionally vague and ambiguous" because "[i]ts plain language does not invite or allow for the phrase 'authorized channel of transmission or reception' to be defined, limited or restricted by the undisclosed terms of a private contract between private parties." (*Id*. at 14) Additionally, in the seventh affirmative defense, Doghouse alleges that "[i]nterpreting Section 605 to allow for liability where the signal was received from an authorized channel of transmission or reception and yet cause a violation of section 605 and impose liability would make it impossible for a reasonable person to know when and under what circumstances the statute might be violated and when it would not." (*Id*. at 14-15.) "Accordingly, Section 605 should provide a safe harbor to [Doghouse] as the intended addressee for its reception of the encrypted signal Program through Directv, an authorized channel of transmission or reception, or Section 605 be declared unconstitutionally void for vagueness." (*Id*. at 15.)

Doghouse has also filed a Third Amended Counter-claim ("TACC") for one count of declarative relief. (ECF No. 108.) In the one count, Doghouse, in essence, asks this Court to declare that the J&J Sports' complaint is unfounded (TACC ¶30) and that sections 605 and 553 are unconstitutional as applied to Doghouse. (TACC

¶11, 30). Furthermore, Doghouse asks this court to find that a "safe harbor" provision in section 553 "exempt[s] a subscriber from liability under Section [sic] for display of a program received from Directv's multi-step transmission process . . . regardless of the license rights conveyed to Directv." (TACC ¶26) Finally, Doghouse contends that "only one of the Sections [605 and 553] can be applicable to Directv's multi-step transmission process as applied to the Doghouse, and [J&J Sports] contends [in its complaint] that both sections may be applicable." (TACC ¶32.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). Because the Counter-claim for Declarative Relief is duplicative of the pleadings already filed by Doghouse (answer and affirmative defenses), the Court **GRANTS** J&J Sports' Motion to Dismiss (ECF No. 109).

## II.  DISCUSSION

As a preliminary matter, Doghouse has failed to comply with Civil Local Rule 15.1(c) which requires that "[a]ny amended pleading filed after the granting of a motion to dismiss or motion to strike with leave to amend, must be accompanied by a version of that pleading that shows – through redlining, underlining, strikeouts, or other similarly effective typographic methods – how that pleading differs from the previously dismissed pleading." Civ. L. R. 15.1(c). Nonetheless, the Court will address the underlying Motion to Dismiss.

As stated in the last Order dismissing Doghouse's Second Amended Counter-claim (ECF No. 104), "[f]ederal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008) (citation omitted); *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th Cir. 1966) ("[T]he question of whether a district court shall exercise jurisdiction in a declaratory judgment action rests in the sound

discretion of that court.") The purpose of a declaratory judgment action is to allow an individual to request an early adjudication without having to wait until his adversary decides to bring suit. *Id*. Declaratory relief may be refused "where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein." *Id.* at 343. The question is whether declaratory relief would serve some useful purpose in clarifying and settling relations between the parties. *Id.* Avoiding multiplicity of litigation is always an important factor for the court to consider. *Id.*

Using a declaratory relief cause of action "to anticipate an affirmative defense is not ordinarily proper." *Veoh Networks, Inc. v. UMG Recordings, Inc.,* 522 F.Supp.2d 1265, 1271 (S.D. Cal. 2007). A court may dismiss counterclaims if they are just mirror images of the claims in the complaint or redundant of the affirmative defenses. *Apple Inc. v. Samsung Elec. Co.,* 11-cv-1846-LHK, 2011 WL 4948567, at *9-10 (N.D. Cal. Oct. 18, 2011).

Although the Federal Rules of Civil Procedure state leave to amend "shall be freely given when justice so requires," repeated failure to cure deficiencies by amendments previously allowed and futility of amendment are grounds that support denying leave to amend. *Leadsinger*, 512 F.3d at 532 (quoting Fed. R. Civ. P. and citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

This court exercises its discretion and dismisses Doghouse's action for declaratory judgment. The TACC merely asks this Court to determine issues already raised in J&J Sports' complaint and Doghouse's affirmative defenses. Hence, ruling on the declaratory relief complaint would not serve any additional purpose in clarifying or settling relations between the parties. Because further amendment would be futile and because this is Doghouse's fourth attempt to allege an adequate counter-claim, the TACC is dismissed without leave to amend.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** J&J

1 | Sports' Motion to Dismiss the TACC (ECF No. 109).

2 |     **IT IS SO ORDERED.**

4 | **DATED:  April 4, 2016**

Hon. Cynthia Bashant
United States District Judge